[Cite as *Tallmadge v. Johnson*, 2016-Ohio-5214.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | | |

| CITY OF TALLMADGE | C.A. No. 27936 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| TENEIKA Y. JOHNSON | STOW MUNICIPAL COURT |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. 2014CRB03932 |

DECISION AND JOURNAL ENTRY

Dated: August 3, 2016

---

MOORE, Presiding Judge.

{¶1} Appellant, Teneika Johnson, appeals her conviction by the Stow Municipal Court. This Court affirms.

I.

{¶2} On December 6, 2014, a loss prevention employee of Kmart in Tallmadge saw two women enter the store with large purses. They gathered some children's merchandise and walked to the cashiers' area, where one of the women made a payment toward a layaway account. When the Kmart employee approached the women, they ran from the store and drove away in a white Ford Edge. The employee provided police with the license plate number and identified the owner of the layaway account as Teneika Johnson.

{¶3} When Ms. Johnson returned to the store to return an item from layaway, store employees called the police. They arrested Ms. Johnson outside the store near a vehicle that matched the earlier description. Ms. Johnson was charged with petty theft in violation of

Codified Ordinances of the City of Tallmadge 545.05, a first-degree misdemeanor. The trial court found Ms. Johnson guilty and sentenced her to a fine of $1000, with $800 suspended, and 180 days in jail, suspended on the condition that she complete community control. The trial court also ordered Ms. Johnson to pay $70 restitution to Kmart. Ms. Johnson filed this appeal. Some of her assignments of error have been rearranged for ease of discussion.

II.

**ASSIGNMENT OF ERROR I**

THE TRIAL COURT ERRED IN VIOLATION OF THE CONFRONTATION CLAUSE OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN IT RELIED ON HEARSAY EVIDENCE FROM A DECLARANT OF UNKNOWN AVAILABILITY IN ITS FINDING OF FACT AND THEN FOUND MS. JOHNSON GUILTY.

{¶4} In her first assignment of error, Ms. Johnson argues that the trial court erred by permitting hearsay testimony that violated the Confrontation Clause. This Court does not agree.

{¶5} The Sixth Amendment to the United States Constitution guarantees an accused the right to confront witnesses against him. *Crawford v. Washington*, 541 U.S. 36, 54 (2004). As a general rule, the Confrontation Clause is implicated by the admission of out-of-court statements that are testimonial in nature when the declarant does not testify in the proceeding. *See Melandez–Diaz v. Massachusetts*, 557 U.S. 305, 309-310 (2009). When no such statements are admitted, the Confrontation Clause is not implicated. In this case, the Kmart employee testified about his own observations on the evening in question. When he started to relate statements made by his supervisor on several occasions, defense counsel objected. The trial court sustained the objection, and the trial court's written findings of fact relied solely on the employee's testimony regarding his own observations. In other words, the trial court did not admit any of the statements at issue, so there was no error with respect to the Confrontation

Clause.  Because we need go no further than this in our analysis of this issue, we make no determination with respect to whether the statements at issue were testimonial in nature.

{¶6}    Ms. Johnson's first assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE EVIDENCE SUPPORTING MS. JOHNSON'S CONVICTION FOR PETTY THEFT WAS INSUFFICIENT TO PROVE GUILT BEYOND A REASONABLE DOUBT IN VIOLATION OF THE DUE PROCESS CLAUSE OF THE SIXTH AND FOURTEENTH AMENDMENTS OF THE U.S. CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE OHIO CONSTITUTION.

{¶7}    Ms. Johnson's third assignment of error is that her conviction for petty theft is not supported by sufficient evidence.  Specifically, she has argued that there is insufficient evidence that she is the person who stole merchandise from the Tallmadge Kmart.  We disagree.

{¶8}    "Whether a conviction is supported by sufficient evidence is a question of law that this Court reviews de novo." *State v. Williams*, 9th Dist. Summit No. 24731, 2009-Ohio-6955, at ¶ 18, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  The relevant inquiry is whether the prosecution has met its burden of production by presenting sufficient evidence to sustain a conviction.  *Thompkins* at 390 (Cook, J., concurring).  In reviewing the evidence, we do not evaluate credibility, and we make all reasonable inferences in favor of the State.  *State v. Jenks*, 61 Ohio St.3d 259, 273 (1991).  The State's evidence is sufficient if it allows the trier of fact to reasonably conclude that the essential elements of the crime were proven beyond a reasonable doubt.  *Id*.

{¶9}    Codified Ordinances of the City of Tallmadge 545.05(a)(1), which is analogous to R.C. 2913.02(A)(1), provides that "No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services * * * [w]ithout the consent of the owner or person authorized to give consent[.]"  The identity of a

perpetrator must also be proved by the State beyond a reasonable doubt. *State v. Flynn*, 9th Dist. Medina No. 06CA0096-M, 2007-Ohio-6210, ¶ 12.

{¶10} In this case, the Kmart security employee testified that between 6:00 and 7:00 p.m., he saw two women with large purses enter the store, proceed to the children's clothing department, and gather several items of clothing. He recalled that the women then went to the infants' department and put the merchandise into their purses. He also testified that when he approached the women after they completed a transaction at the cash registers, they ran. The employee identified Ms. Johnson as one of the two women, and records from the layaway transaction also identified her as the owner of the layaway account. Ms. Johnson was arrested when she returned to the store in late December in the same vehicle that had been used the night of the theft.

{¶11} Based on this testimony, a jury could reasonably conclude that Ms. Johnson committed petty theft by stealing the items at issue. Her third assignment of error is overruled.

## ASSIGNMENT OF ERROR II

MS. JOHNSON'S CONVICTION FOR THEFT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN VIOLATION OF ARTICLE IV, SECTION 3, OF THE OHIO CONSTITUTION.

{¶12} Ms. Johnson's second assignment of error is that her conviction for petty theft is against the manifest weight of the evidence because some of the witnesses at trial testified that she was at another location during the theft. We disagree that her conviction is against the weight of the evidence.

{¶13} When considering whether a conviction is against the manifest weight of the evidence, this Court must:

review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts

in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). A reversal on this basis is reserved for the exceptional case in which the evidence weighs heavily against the conviction. *Id.*, citing *State v. Martin*, 20 Ohio App.3d 172, 172 (1st Dist.1983).

{¶14} Ms. Johnson has argued that the weight of the evidence at trial established that she was not at the Tallmadge Kmart on the evening of the theft. Ms. Johnson, who testified in her own defense, testified that she cleaned a daycare center on Ardella Avenue in Akron on the day in question from around 4:40 p.m. until 10:00 p.m. She admitted that the car identified at the Kmart was hers, but testified that she loaned it to a friend the day of the theft and gave the same friend her driver's license so that the friend could make a payment on her layaway account in her absence. A second friend testified that she helped Ms. Johnson with her cleaning responsibilities on the night of the theft, but she also admitted that she could not remember what Ms. Johnson was wearing that day, that she did not know whether Ms. Johnson drove there or was dropped off, and that she did not pay attention to what time Ms. Johnson left the daycare center.

{¶15} Notably, there are gaps in both women's testimony. In addition, Ms. Johnson's testimony that she gave her vehicle and driver's license to an acquaintance who was not licensed to drive is of questionable veracity. Ms. Johnson's testimony and the testimony of her cleaning companion were also at odds with the testimony of the Kmart employee, who witnessed the theft and identified Ms. Johnson as the woman who committed the theft and returned to the store in late December. Having reviewed all of the testimony at trial and considered the credibility of all of the witnesses, however, we cannot conclude that this is the exceptional case in which the evidence at trial weighs heavily against the conviction.

**{¶16}** Ms. Johnson's second assignment of error is overruled.

III.

**{¶17}** Ms. Johnson's assignments of error are overruled.  The judgment of the Stow Municipal Court is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Stow Municipal Court, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, J.
HENSAL, J.
<u>CONCUR.</u>

APPEARANCES:

REBECCA M. BLACK, Attorney at Law, for Appellant.

MEGAN E. RABER, Director of Law, and JOHN A. SCAVELLI, JR., Assistant Director of Law, for Appellee.